IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Anna C. DeWitt, David Hodge, Lena M. Quick, Lynette Hudson, and Jennifer E. Amerson, all individually and on behalf of all other similarly situated individuals,<br>           Plaintiffs,<br>vs.<br>Darlington County, South Carolina,<br>           Defendant. | Civil Action No. 4:11-cv-00740-RBH<br><br>**ORDER CERTIFYING COLLECTIVE ACTION, PRELIMINARILY APPROVING SETTLEMENT, AUTHORIZING NOTICE TO CLASS, AND SCHEDULING FAIRNESS HEARING FOR FINAL APPROVAL** |

This matter comes before the court on Plaintiffs' consent motion to approve settlement of the above-captioned lawsuit. This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. (FLSA), and the South Carolina Wage Payment Act, S.C. Code §§ 41-10-10, *et seq*., seeking backpay, liquidated damages and attorney's fees for alleged failure to properly pay overtime and for time allegedly worked "off-the-clock." The parties have informed the court that they have reached a settlement, and Plaintiffs seek approval of the settlement and of the proposed allocations to be made under the Settlement Agreement.

The court makes the following findings of fact:

(1) The court finds that this case is appropriate for treatment as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiffs have withdrawn their claims to proceed as a traditional class action under Rule 23 of the Federal Rules of Civil Procedure.

(2) The notice proposed by the parties adequately informs the class members of their rights and obligations under the FLSA and under the terms of the proposed settlement. Specifically, the notice explains that, to participate in the FLSA claim, the individual would be required affirmatively

to opt-in to the lawsuit by filling out a form for that purpose, and the notice describes how and when any interested parties can be heard about the fairness of the proposed settlement.

(3) To date, 23 individuals (including the five named Plaintiffs) have opted in to the case. The potential class members are EMTs who generally work 24-hour shifts together once every three days, largely unsupervised. Accordingly, the potential class members have had ample opportunity to speak with each other without management scrutiny and appear to have been well informed about the existence of the lawsuit.

(4) The Settlement Agreement provides that Defendant will pay the gross amount of $225,000.00 in full settlement of the claims. Plaintiffs submit that, according to their calculations, their highest estimate of their potential damages is $319,136.97. Plaintiffs further submit that Defendant's calculation of the potential damages of the class was substantially lower, between $18,629.12 and $109,581.05, depending on various legal and factual assumptions. Under the proposed settlement, members of the FLSA collective action would receive a substantial percentage of their contested backpay amounts and well above Defendant's calculations for back pay. Accordingly, the court preliminarily finds, based on the facts presented, that the proposed settlement meets a threshold showing of reasonableness and that notice should be sent to the class members of the settlement, giving them an opportunity to object or otherwise be heard. The court reserves a final determination on the reasonableness of the settlement and the proposed allocation of the settlement proceeds until after a fairness hearing to be scheduled for that purpose.

(5) Plaintiffs have submitted along with their motion proposed forms notifying the class of the settlement, a proposed letter explaining to each individual class member what he or she may be entitled to receive (if anything) under the proposed settlement, notifying the class of the members'

right to submit comments or objections regarding the proposed settlement and providing a form for that purpose, and notifying the class of the date of the fairness hearing. The court has reviewed the proposed notice, memos and form and finds them to be appropriate.

Accordingly, it is ORDERED that Plaintiffs' motion for approval is GRANTED in part, that a final determination on the settlement will be made following a hearing, and it is further ORDERED that:

(1) Defendant shall mail notices to class members within ten (10) business days of the filing of this order, or in the alternative, provide a mailing list to Plaintiffs' counsel within five (5) business days of the filing of this order, and Plaintiffs' counsel will mail the notices to the class members within five (5) business days of the filing of this order.

(2) Plaintiffs' counsel shall file a motion seeking approval of attorney's fees and costs from the settlement within ten (10) business days following the filing of this order.

(3) Plaintiffs' counsel shall post the following documents to his law firm's website for access by members of the class within ten (10) business days following the filing of this order:

    (A) the Complaint;

    (B) the Answer;

    (C) this order and the notice and attachments filed with it;

    (D) Plaintiffs' motion to approve the settlement and allocation;

    (E) Plaintiffs' counsel's motion for attorney's fees;

    (F) any updates to this order and the schedule or hearing date, time and location;

    (G) any orders on Plaintiffs' motion to approve the settlement and allocation and Plaintiffs' counsel's motion for attorney's fees; and,

      (H) any other matter ordered by the court.

(4)  Any member of the class desiring to appear and speak at the fairness hearing must submit a written request to do so, either by letter or on the form provided with the notices. Any such letter or  form must be received by the court or postmarked no later than **November 21, 2013**.

(5) Plaintiffs shall file with the court under seal a copy of a summary of the calculations of potential damages and proposed payments for each class member no later than **November 6, 2012**.

(6) A fairness hearing on Plaintiffs' motion to approve settlement and allocation, and any motion by Plaintiffs' counsel for approval of attorney's fees, shall be held on **Friday, December 6, 2013**, at 10:30 a.m., in a Third Floor Courtroom of the McMillan Federal Building and Courthouse, 401 West Evans Street, Florence, SC 29501.

      IT IS SO ORDERED.

September 24, 2013                                      s/R. Bryan Harwell
Florence, SC                                             R. Bryan Harwell
                                                                   United States District Judge